IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Amber T.,[1] | ) | Case No.: 4:21-cv-002762-JD-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Kilolo Kijakazi, Acting Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

This social security matter is before the Court with the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III ("Report and Recommendation" or "Report"), pursuant to Local Civil Rule 83.VII.02 of the District of South Carolina. Plaintiff Amber T. ("Plaintiff" or "Amber") brings this action pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Defendant Commissioner of Social Security ("Commissioner" or "Defendant"), denying Plaintiff's claim for Disability Insurance Benefits ("DIB").

Plaintiff filed an application for DIB on March 28, 2019, alleging inability to work since February 22, 2018. Her application was denied initially and upon reconsideration. Thereafter, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (DE 15-4, p. 17.) On March 3, 2021, Plaintiff had a hearing by telephone before the ALJ. The ALJ issued an unfavorable decision on April 20, 2021, finding that Plaintiff was not disabled within the meaning

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

1

of the Act. (DE 15-3, pp. 16-30.) Plaintiff filed a request for review of the ALJ's decision, which the Appeals Council denied on July 28, 2021, making the ALJ's decision the Commissioner's final decision. Plaintiff filed this action on August 26, 2021. (DE 1.)

The Magistrate Judge issued the Report and Recommendation on June 15, 2022, concluding that Plaintiff has failed to show that the Commissioner's decision was not based on substantial evidence. (DE 31.) The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection has been made, and may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(l). However, *de novo* review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific error in the Magistrate Judge's proposed findings. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a specific objection, the court reviews the report and recommendation only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted); see also Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003) ("A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object.").

Plaintiff filed no objections to the Report and the Commissioner indicates that she does not intend to file objections to the same. (DE 32.) Upon review of the Report and the record in this case, the Court adopts the Report and Recommendation and incorporates it herein by reference, and it is hereby **ORDERED** that the Commissioner's decision is REVERSED and REMANDED for further administrative review.

**AND IT IS SO ORDERED.**

_____
Joseph Dawson, III
United States District Judge

August 8, 2022
Florence, South Carolina

3